UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **David Gevas (B-41175),** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **Dr. Popovich, et al.,** ) <br> ) <br> **Defendants.** ) | **Case No. 23 C 50249** <br><br> **Hon. Rebecca R. Pallmeyer** |

## ORDER

The court declines to certify, for interlocutory appeal, Plaintiff's challenge to the court's order concerning Nurse Emmole's proposed deposition. *See* 28 U.S.C. § 1292; *Harrisonville Telephone Co. v. Ill. Commerce Comm'n*, 472 F. Supp. 2d 1071, 1080-81 (S.D. Ill. 2006) (collecting cases in support of the conclusion that "rulings concerning discovery . . . are not suitable for certification under 28 U.S.C. § 1292(b)); *see also Montgomery v. Vill. of Posen*, 711 F. App'x 343, 345 (7th Cir. 2018) ("[J]udges' adverse rulings . . . do not establish bias or partiality."). On its own motion, the court extends the discovery close date by seven days, to September 5, 2025. There will be no further extension.

## STATEMENT

This case concerns the delay Illinois prisoner David Gevas experienced in obtaining treatment for a condition that impacts his eyesight. He initiated the case in July 2023, and his first amended complaint was allowed to proceed past screening in October 2023 [21, 22]. Discovery proceeded, and on the eve of the amended pleading deadline, with discovery nearly complete, Gevas sought to add two newly named defendants—Nurses Tuell and Emmole [131]. The court allowed amendment [133], but limited additional discovery to claims against Tuell and Emmole [146].

Emmole appeared through counsel on May 21, 2025 and answered the operative complaint on July 7, 2025 [150, 160]. At a July 10, 2025 status hearing, in which Plaintiff Gevas participated, the court extended the date for completion of discovery to August 29, 2025 [161].

On July 20, 2025, Gevas served a Notice of Deposition on Nurse Emmole [163], for an oral deposition to be taken by video and to "continue from time to time until it is concluded, three hours total." The Notice did not set a time or date, but directed counsel of record to "coordinate with" the litigation coordinator at Dixon and stated that Gevas intended to use a video conference room at Dixon (along with Dixon's video equipment) to conduct the deposition.

Defendant Emmole moved for a protective order, objecting to the oral deposition on several grounds [164]: Emmole challenged the sufficiency of the Notice, which did not set a date or time as required by Fed. R. Civ. P. 30(b)(1). Emmole attached to her motion a Declaration from Dixon's Warden Andrea Tack and argued that allowing Gevas (a prisoner) to depose prison staff would unduly tax the prison's resources and pose security risks. Specifically, Defendant asserted that (1) staffing levels are low and additional staff, for which the prison would have to

pay overtime, would be required to accommodate Gevas's request; (2) reassigning staff from other areas of the prison poses a security risk in those portions of the prison from which staff were redirected; and (3) any deposition would require scheduling—but diverting staff at a scheduled time and to a particular place could itself put staff at risk of being assaulted by other inmates. Emmole objected, in addition, to Gevas's "demands" to use prison resources—a conference room, video equipment, and the litigation coordinator's time—for his personal use. Fourth, Emmole mentioned that allowing a prisoner to depose staff potentially disturbs the authority necessary to maintaining order at the prison.

The court recognized that "[p]rison security, responsible management, and staffing are all important issues that will be adversely impacted by the proposed oral deposition" [165] and directed a compromise: specifically, the court directed that Gevas proceed with a deposition on written questions under Rule 31(a)(1) and instructed him to prepare, by August 11, 2025, a list of 20 questions for Emmole to answer.

Gevas has not done so. Instead, he moved for an extension of time to respond to Emmole's motion; that motion was denied [166, 167], but Gevas nevertheless filed a response [169] in which he argued that he has taken depositions of prison staff in the past and, in his opinion, additional staff are not necessary nor has he challenged the staff's authority. Whatever Gevas himself may have observed, the court agrees with Warden Tack that allowing Gevas to take an oral deposition of prison staff—especially under the expedited timeline of wrapping up discovery in this two-year-old case—burdens the prison's already limited resources. Coordinating a deposition with attorneys, a court reporter, and prison personnel (including officers required for movement and monitoring) would divert the resources of the litigation coordinator. Further, rearranging personnel assignments impacts prison staffing and security in other areas of the prison, diverting corrections officers who could be engaged in legitimate penological functions. In other words, the court believes the burden on the facility is significantly greater than personally observed by Gevas.

Gevas denies receiving this court's orders [169 ¶ 8],[1] and characterizes Defendant's motion as an effort to make an "end run [around] discovery so plaintiff could not serve interrogatories " [*id.* ¶ 9]. But the court set the August 29, 2025 discovery cutoff at a July 10, 2025 status hearing [161]. Gevas could have issued interrogatories to Emmole at that time; he chose instead to notice Emmole's deposition for an unspecified time and date subject to availability at Dixon, with no guarantee the deposition could be completed by August 29, 2025.

"District courts have broad discretion to manage their dockets, including setting close-of-discovery dates[.]" *Alicea v. Cnty. of Cook*, 88 F.4th 1209, 1218-19 (7th Cir. 2023). This case is more than two years old. Discovery as to the underlying facts was largely complete when the court allowed Plaintiff to amend his complaint to add Nurses Tuell and Emmole as defendants to this lawsuit in March 2025 [120, 146]. The court will extend the discovery close date by one week; if Gevas wishes to proceed with a deposition on written questions in compliance with the August 4, 2025 Order, he should do so immediately. The court declines any further extension of the discovery deadline.

---

[1] The court notes, however, that it appears Gevas has regular access to the docket. The complete text of the August 4, 2025, and August 6, 2025 Orders appears there. *See* Dkt. 165, 167.

3

ENTER:

Date: August 13, 2025

_____
REBECCA R. PALLMEYER
United States District Judge